IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| FREDERICK ALEXANDER, ) | |
| ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | No. 3:14-cv-01785 |
| ) | |
| JAMES HOLLOWAY, ) | Judge Campbell |
| ) | |
|     Respondent. ) | |

**MEMORANDUM OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Gov'g § 2254 Cases; 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. After undertaking the Rule 4 review in this case, the Court will dismiss the petition without prejudice for failure to exhaust available state-court remedies and failure to state a claim for relief that is cognizable in a habeas corpus action.

**I.    Factual Allegations**

Following a jury trial, petitioner Frederick Alexander was convicted of selling less than .5 grams of a substance containing cocaine within 1000 feet of a school. He was sentenced by the Davidson County Criminal Court on September 9, 2010 to a term of 12 years' incarceration, to be served at 100%. (See ECF No. 1-1, at 3 (Judgment).) The petitioner asserts that the judgment is not consistent with the indictment, because the indictment does not refer to the indicted charge as a Class B felony. (ECF No. 1, at 2–3.) He also asserts that the order that the sentence be served at 100% instead of 35% violated state law and "due process." (*Id.* at 3.) He asks that "the conviction and sentence be placed in compliance with due process of law." (*Id.* at 4.)

The petitioner does not indicate whether he pursued a direct appeal of his conviction, and this Court's on-line Westlaw search did not reveal any appellate opinion addressing his conviction. The petitioner asserts only that he mailed a "petition for writ of habeas corpus to court clerk in Nashville, TN" on July 16, 2014, but

that he never received a response to that petition. (Id. at 2.)

**II.     Exhaustion of State Court Remedies**

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *O'Sullivan*, 526 U.S. at 842; *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971)). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365–66.[1] "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue when it clearly appears that habeas claims have not been presented to the state courts. *Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir.1987). The petitioner bears the burden of showing exhaustion. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

The only allegation in the petitioner's complaint regarding exhaustion is his assertion that he filed a state habeas petition in the Davidson County Criminal Court in July 2014. A copy of that petition was attached as an exhibit to his petition in this Court. (ECF No. 1-2, at 2.) That single filing does not show that the petitioner exhausted his state-court remedies, and the petitioner's contention that the state court failed to respond to his state habeas corpus petition is simply irrelevant. Moreover, the petitioner does not indicate whether he took a direct appeal of his conviction or sentence or that he pursued post-conviction relief in the state courts. On this basis alone, the petition is subject to dismissal without prejudice for failure to affirmatively establish the exhaustion of state-court remedies.

**III.    Failure to State a Cognizable Claim**

Habeas relief is only available to redress violations of "the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). In other words, habeas relief is not available to redress perceived violations of

---

[1] In Tennessee, review by the state Supreme Court is not required for exhaustion. Instead, "once the Court of Criminal Appeals has denied a claim of error, 'the litigant shall be deemed to have exhausted all available state remedies available for that claim.'" *Adams v. Holland*, 330 F.3d 398, 402 (6th Cir. 2003) (quoting Tenn. S. Ct. R. 39).

state law. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991); *Pulley v. Harris*, 465 U.S. 37, 41 (1984).

Thus, "[a]s a general matter, a habeas petitioner's claim that the trial court violated state law when sentencing him is not cognizable in habeas corpus proceedings." *Bridinger v. Berghuis*, 429 F. Supp. 2d 903, 908 (E.D. Mich. 2006) (citing *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988); *Haynes v. Butler*, 825 F.2d 921, 924 (5th Cir. 1987)). A federal court does not have the authority under 28 U.S.C. § 2254 to review a state court's alleged failure to adhere to its own sentencing procedures. *See, e.g.*, *Hutto v. Davis*, 454 U.S. 370, 373–74 (1982) (federal courts normally do not review a sentence for a term of years that falls within the limits prescribed by the state legislature); *Austin v. Jackson*, 213 F.3d 298, 300 (6th Cir. 2000) ("To the extent that [the petitioner's habeas claim that his sentence violated due process] is based upon an alleged violation of [state] law, Petitioner has failed to state a claim upon which habeas relief may be granted.").

Nonetheless, "[i]t is undisputed that convicted defendants, . . . have a due process right to a fair sentencing procedure." *United States v. Anders*, 899 F.2d 570, 575 (6th Cir. 1990). *See also Koras v. Robinson*, 123 F. App'x 207, 213 (6th Cir. 2005) (an alleged violation of state law "could, potentially, 'be sufficiently egregious to amount to a denial of equal protection or of due process of law guaranteed by the Fourteenth Amendment.'" (citations omitted)).

In this case, the petitioner asserts that he was sentenced as a Range II "multiple offender," as reflected on his judgment, and that he therefore should be eligible for release after serving 35% of his sentence. The judge, however, stipulated on the judgment that the petitioner would have to serve 100% of the 12-year sentence, pursuant to Tenn. Code Ann. § 39-17-417. (See Judgment, ECF No. 1-1, at 3.) The petitioner's contention to the contrary notwithstanding, this ruling was apparently in accordance with state law. See Tenn. Code Ann. § 39-17-432(b) (providing that a violation of § 39-17-417 (pertaining to the manufacture, delivery, sale, and possession of controlled substances) occurring within 1,000 feet of a school is punishable one classification "higher than is provided in § 39-17-417(b)--(i) for such violation"); id. § 39-17-432(c) (providing that a defendant sentenced for violating §§ 39-17-417 and 39-17-432(b) "shall be required to serve at least the minimum sentence for such defendant's appropriate range of sentence. Any sentence reduction credits . . . shall not operate to permit or allow . . . release . . . prior to full service of such minimum sentence"); id. §§ 40-35-111(b)(2) & -112(b)(2) (establishing that the Range II sentencing range for Class B felonies is 12 to 20 years); id. § 40-35-106 (classifying multiple offenders as "Range II").

The petitioner's sentence clearly complied with state law and did not result in the deprivation of any federal constitutional right. The petition fails to state a claim that is cognizable on habeas review, and for this reason too, the petition is subject to dismissal without prejudice, under Rule 4 of the Rules Governing § 2254 Cases.

## IV. Conclusion

For the reasons discussed above, the petition filed in this case will be denied and this matter dismissed without prejudice for failure to exhaust state-court remedies and failure to state a claim that is cognizable on habeas review.

Rule 11 of the Rules Governing § 2254 Cases requires that a district court issue or deny a Certificate of Appealability ("COA") when it enters a final order. Federal Rule of Appellate Procedure 22 provides that an appeal of the denial of a habeas petition may not proceed unless a COA is issued under 28 U.S.C. § 2253. A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under the standard articulated in *Miller-El*, the Court finds that reasonable jurists would not disagree that the petition is subject to summary dismissal. The Court will therefore deny a COA.

An appropriate order is filed herewith.

_____
TODD CAMPBELL
UNITED STATES DISTRICT JUDGE