IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| FREDERICK ALEXANDER, | ) |
| Petitioner, | ) |
| v. | ) No. 3:14-cv-01785 |
| JAMES HOLLOWAY, | ) Judge Campbell |
| Respondent. | ) |

## ORDER

Petitioner Frederick Alexander's *pro se* petition under 28 U.S.C. § 2254 for the writ of habeas corpus (ECF No. 1), challenging his 2010 conviction in the Davidson County Criminal Court, is before the Court for an initial review. Rule 4, Rules Gov'g § 2254 Cases. Also pending is the petitioner's Application to Proceed Without Prepayment of Fees (ECF No. 2). Because it appears from the petitioner's application that he lacks sufficient funds to pay the filing fee, the application (ECF No. 2) is **GRANTED**.

However, for the reasons explained in the accompanying Memorandum Opinion, the petition filed in this case is **DENIED** and this matter is **DISMISSED** for failure to exhaust state-court remedies and failure to state a claim that is cognizable on habeas review. This dismissal is **WITHOUT PREJUDICE** to the petitioner's ability to refile a habeas petition that satisfies the requirements of Rule 4 as well as 28 U.S.C. § 2254 and other applicable law after he has exhausted his state-court remedies.

Rule 11 of the Rules Governing § 2254 Cases requires that a district court issue or deny a Certificate of Appealability ("COA") when it enters a final order. Federal Rule of Appellate Procedure 22 provides that an appeal of the denial of a habeas petition may not proceed unless a COA is issued under 28 U.S.C. § 2253. The petitioner here has not made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and his claims do not merit further review. The Court therefore **DENIES** a COA.

It is so **ORDERED**.

This is the final judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

*Todd Campbell*
TODD CAMPBELL
UNITED STATES DISTRICT JUDGE